UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------  X
                                                                    :
   VICTOR A. WORMS,                                                 :
                                                                    :
                                     Appellant,                     :
                                                                    :
             -v-                                                    :
                                                                    :
   YURI VLADIMIROVICH ROZHKOV,                                      :
                                                                    :
                                     Appellee.                      :
                                                                    :
------------------------------------------------------------------  X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___9/9/2021___

20-cv-6422 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

Victor A. Worms ("Worms"), as counsel for a debtor in a Chapter 15 proceeding, appeals the Bankruptcy Court's order awarding fees to his opposing counsel incurred on a prior appeal. For the following reasons, the Bankruptcy Court's award of fees in connection with the first appeal is vacated.

## BACKGROUND

Familiarity with the Court's prior opinion detailing the underlying facts of the case in full is assumed. *Markus v. Rozhkov*, 615 B.R. 679 (Bankr. S.D.N.Y. 2020) ("*Markus I*"). In short, the case arises out of the bankruptcy of Larisa Ivanovna Markus ("Markus"), formerly the president of one of Russia's largest banks, who was convicted of fraud and sentenced to eight and a half years in prison. Yuri Vladimirovich Rozhkov ("Rozhkov"), proceeding as Markus's Foreign Representative ("FR"), filed a petition under Chapter 15 for Recognition of Foreign Main Proceeding in the United States Bankruptcy Court for the Southern District of New York, seeking discovery concerning Markus's assets, which might be located in the United States. Worms, who represented Markus, failed to comply with a series of discovery orders

1

issued by the Bankruptcy Court.  The Bankruptcy Court sanctioned Worms, ordering him to pay $1,000 per day until he complied with its discovery orders.  BK-ECF 157 at 2.  In addition, the FR moved for an award of attorney's fees, which the court granted, in the amount of $60,000.  BK-ECF 200.

Worms appealed the Bankruptcy Court's decision, challenging both the Bankruptcy Court's authority to issue the sanctions against him and the amounts that the Bankruptcy Court had settled upon.  Although this Court held that the Bankruptcy Court had the inherent authority to issue sanctions against Worms, the Court remanded to determine the number of days Worms had been in contempt and the corresponding number of $1,000 per diem sanctions that should be imposed.  *Markus I*, 615 B.R. at 715.  Additionally, the Court held that to the extent the Bankruptcy Court relied upon Federal Rule of Civil Procedure 37 in its fee award, such reliance would have been improper.  The Court remanded the case for the Bankruptcy Court to make clear whether the fee award was based on Rule 37 or on the Bankruptcy Court's inherent authority.  *Id*. at 717.

On remand, the Bankruptcy Court determined that Worms had purged himself of his contempt of the Bankruptcy Court as of November 27, 2019, by the communication to the FR of 8,666 pages of documents from Ilya Bykov, an individual holding a power of attorney from Markus.  Therefore, the Bankruptcy Court calculated the sanctions Worms owed the Clerk of Court as $55,000 for 55 days of noncompliance with the discovery order, stretching from October 3, 2019 to November 27, 2019.  Dkt. No. 1-1 at 31-32.  The Bankruptcy Court additionally held that the fees award was based on its inherent authority, but exercising its discretion pursuant to that inherent authority reduced the award of attorney's fees from $60,000 to $36,600 to account for the FR's limited success on his contempt motion as he did not prevail

2

on all arguments he made.  *Id.* at 2, 43.  Finally, the Bankruptcy Court entertained an additional request for relief that the FR had not made to this Court and that is not within the scope of the issues the Court remanded the matter for the Bankruptcy Court to address.  The FR requested that the Bankruptcy Court impose an additional fees award of $115,000 against Worms for attorney's fees and expenses that the FR incurred after October 3, 2019 in defending in this Court against Worms' challenge to the sanctions and fees order.  The Bankruptcy Court agreed with the FR both that it had the authority to impose additional compensatory sanctions on Worms for conduct in this Court and that it should do so, and it awarded the FR $63,500 for attorney's fees incurred on the appeal.  *Id.*  The Bankruptcy Court arrived at this number by examining the billing records provided by the FR and subtracting time the FR spent on claims on which Worms was successful on his appeal.  *Id.* at 42.

Worms appeals a second time, arguing that the Bankruptcy Court abused its discretion in awarding the $63,500 in fees for expenses incurred during the first appeal.

## LEGAL STANDARD

District courts have appellate jurisdiction over "final judgments, orders and decrees" of a bankruptcy court.  28 U.S.C. § 158(a)(1).  In "reviewing the decisions of a bankruptcy court, a district court, acting as an appellate court, follows the traditional standards of appellate review."  *In re Coronet Cap. Co.*, 1995 WL 429494, at *3 (S.D.N.Y. July 20, 1995) (citing *Contemporary Mortg. Bankers, Inc. v. High Peaks Base Camp, Inc.*, 156 B.R. 890, 893 (N.D.N.Y. 1993)).  A district court "must accept the bankruptcy court's findings of fact unless clearly erroneous."  *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990).  Conclusions of law are reviewed de novo.  *Brunner v. N.Y. State Higher Educ. Servs., Corp.*, 831 F.2d 395, 396 (2d Cir. 1987) (per curiam).  "In reviewing a decision of a bankruptcy

court, the district court 'may affirm on any ground that finds support in the record, and need not

limit its review to the bases raised or relied upon in the decisions below.'" *Sec. Inv'r Prot. Corp.*

*v. Bernard L. Madoff Inv. Sec. LLC*, 598 B.R. 102, 111 (S.D.N.Y. 2019) (quoting *Freeman v. J.*

*Reg. Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010)).  "The district court may not consider evidence

outside the record."  *Id*.  A court's decision granting or denying an award of attorney's fees is

reviewed for abuse of discretion.  *See CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 104 (2d

Cir. 2016).

## DISCUSSION

### I.         Appellate Fee Award

On this appeal, Worms does not challenge the sanctions award entered against him to

compel the turnover of the documents.  Nor does he challenge the reduced fee award that the

judge entered against him.  Worms challenges only the entry of the new award of $63,500 in fees

incurred on the first appeal.

Attorney's fees are generally not recoverable by the prevailing litigant in a federal civil

action absent a specific statutory grant of authority for the award of such fees.  *Alyeska Pipeline*

*Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 258-59 (1975).  However, "[f]ederal courts possess

certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to

achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v.*

*Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31

(1962)).  A court's "inherent power to sanction derives from the fact that courts are 'vested, by

their very creation, with power to impose silence, respect, and decorum, in their presence, and

submission to their lawful mandates.'"  *Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d

323, 336 (2d Cir. 1999) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  "That

inherent authority includes the power to award attorneys' fees to a prevailing party as a sanction

4

for the "willful disobedience of a court order . . . as part of the fine to be levied on the defendant." *Alyeska*, 421 U.S. at 258; *see also NASCO*, 501 U.S. at 44-45 (holding that a federal court's inherent power includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process"). When awarding fees as a sanction pursuant to its inherent powers, a federal court "may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount for the sanctioned party's misbehavior." *Goodyear Tire*, 137 S. Ct. at 1186 (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826-30 (1994)); *see also 1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park*, 809 F. App'x 44, 45 (2d Cir 2020) ("Civil contempt sanctions serve two purposes: to coerce a party into compliance, or to compensate the adverse parties for any losses suffered as a result of the lack of compliance.").

A bankruptcy court has inherent sanctioning power. *In re Sanchez*, 941 F.3d 625, 627-28 (2d Cir. 2019) ("[I]nherent sanctioning powers are not contingent on Article III, but rather are, as their name suggests, inherent in the nature of federal courts as institutions charged with judicial functions. . . . We therefore hold that bankruptcy courts, like Article III courts, possess inherent sanctioning powers."). This Court thus held in its prior opinion that a bankruptcy court has the inherent authority to award fees as sanctions to enforce compliance with its lawful judicial orders. *Markus I*, 615 B.R. at 709-10. That determination was based on the Second Circuit's *Sanchez* decision and on the inherent need of a court, *qua* court, for some vehicle by which its orders can be vindicated; it was also confirmed by Worms' own concession before the Bankruptcy Court that the court had inherent authority. *Id.* Absent some sanctioning power, a court's means of enforcing its orders would be limited to whatever the rulemakers gave it, which would divest it of necessary means to act as a court.

However, a bankruptcy court's authority generally extends only to imposing sanctions for behavior before it.  A bankruptcy court generally does not have the power, under its inherent sanctioning authority, to award fees for the conduct of a party on appeal before another court.  *See In re Bret S. DiBattista*, No. 20-cv-4620, Dkt. No. 13 at 8 (S.D.N.Y. Nov. 25, 2020) (observing that "there is abundant authority to support [the] finding that [an] Appellant's request for attorney's fees related to its defense of [an appeal] need[s] to [] be[] made to the district court because a bankruptcy court lacks authority to award fees related to an appeal," and collecting cases); *In re Wallace*, 2014 WL 5438826, at *3 (B.A.P. 9th Cir. Oct. 28, 2014) ("[B]ankruptcy courts have discretionary authority to award fees at the trial level under § 105(a) and not on appeal."); *In re Lapides*, 2016 WL 93527, at *3 (Bankr. D. Minn. Jan. 7, 2016) ("The only authority for awarding fees on appeal belongs to the appellate courts.").  The court's inherent authority to award sanctions for contempt is based upon the need to control the proceedings before it.  *See Chambers*, 501 U.S. at 43-44;  *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) ("Under its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorney's fees to the prevailing party when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974))).  Inherent powers are those "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers*, 501 U.S. at 43 (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)).  The Second Circuit thus has held that a district court is without power to impose sanctions for appeals taken to the Court of Appeals.  *See Schoenberg v. Shapolsky Publishers, Inc.*, 917 F.2d 926, 935 (2d Cir. 1992) ("In any event, it is improper for a district court to impose sanctions for appeals taken to this Court."); *see also Conner v. Travis Cnty.*, 209 F.3d 794, 800 (5th Cir. 2000)

6

(holding that district courts cannot generally sanction parties for appeals); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407-08 (1990) (holding in the context of Rule 11 sanctions that, on appeal, the litigants' conduct is governed by Federal Rule of Appellate Procedure 38, and any application for sanctions of a frivolous appeal should accordingly be made to the appellate court). The same principle applies when the appeal is taken from the bankruptcy court to the district court.

The Bankruptcy Court thus erred in imposing on remand an award of attorney's fees against Worms for his conduct on appeal. The fees incurred by the FR were not necessary to vindicate the interest of the Bankruptcy Court in the enforcement of its own orders. By the time Worms' appeal was heard, however, the Bankruptcy Court's interest in vindicating its orders had been satisfied. As the Bankruptcy Court found on remand, Worms purged himself of contempt by November 27, 2019—as of that date, the order had been complied with according to the demands of the FR. The issues on appeal (at least those that were meritorious) related not to whether Worms would have to comply with the discovery orders on a going forward basis. That issue was resolved. They related to whether and how much Worms would have to pay for his prior contumacious conduct. As to that issue, the Bankruptcy Court has no interest to be vindicated in protecting itself from an appeal by Worms. Worms had the right to appeal and to ask this Court to review the Bankruptcy Court's determination of its authority to impose sanctions and a fees award against him. 28 U.S.C. § 158(c)(2) ("An appeal [to the district court] under subsections (a) and (b) of this section [of the Bankruptcy Code] shall be taken in the same manner as appeals in civil proceedings are generally taken to the courts of appeals from the district courts.").

If the FR believed that Worms' conduct in this Court was sanctionable, the FR could have sought an award from this Court.  It is within this Court's province, applying its inherent authority and the statutory and federal rules applicable to conduct before it, to determine whether Worms' appeal was sanctionable and whether he should have to pay attorney's fees for challenging the acts of the Bankruptcy Court.  *See* Fed. R. Bankr. P. 8020(a) ("If the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."); *In re 60 E. 80th Street Equities, Inc.*, 218 F.3d 109 (2d Cir. 2000) (upholding a district court's award of sanctions on a bankruptcy appeal, and awarding further sanctions for cost incurred during the appeal to the Second Circuit).

The FR relies upon *Weitzman v. Stein*, 98 F.3d 717 (2d Cir. 1996), in support of its argument that a bankruptcy court has inherent authority to issue sanctions in the form of fees incurred upon appeal.  But that case is not apposite.  In *Weitzman*, the plaintiff who held a judgment against another individual obtained an order to seize a car belonging to that individual.  An attorney representing the judgment debtor delivered a letter to the sheriff's office stating that the car belonged not to the debtor but to his wife.  The attorney mailed the letter to the lawyers a day after the sale was to have occurred but dated it six days before the aborted sale.  *Id*.  The district court found the attorney in contempt of its order, but found the contempt was not willful and did not award the plaintiff any fees.  *Id*. at 719.  On a first appeal, the Second Circuit reversed the district court's finding that the attorney's contempt was not willful.  *Id*.  On remand, the district court determined that the plaintiff should be compensated for costs she incurred in prosecuting the contempt in district court; however, it denied her compensation for attorney fees and other costs incurred in the course of her first appeal.  The plaintiff appealed

again, challenging the district court's fee calculations, and its determination that she was not entitled to fees and costs from the first appeal. *Id.*

The Second Circuit held that the district court had abused its discretion in holding that the plaintiff was not entitled to fees from the first appeal. According to the Second Circuit:

> [T]o survive review in this court, a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt. We believe this rule is consistent with the principle . . . that the discretion of the district court is more narrowly bounded when seeking to compensate the victim of contempt, and correspondingly broader when it seeks to force prospective compliance with its own order.

*Id.* Because the plaintiff's appeal was "caused by" the attorney's contempt and because the court had an interest in "forc[ing] prospective compliance with its own order," the district court had authority to award reasonable fees for the appeal, the objective of which was to vindicate the district court's interest in enforcement of its lawful orders. *Id.* at 720. The Second Circuit held that "in the face of the strong evidence that [the attorney] willfully interfered with a court-ordered sale and this court's previous decision to that effect, it was error to withhold from [the plaintiff] full compensation for her reasonable legal expenses from proceeding in front of both courts." *Id.*

*Weitzman* differs from this case. In *Weitzman*, the plaintiff was seeking to force "prospective" compliance with an order. The district court held that its authority was limited in compensating plaintiff for the costs incurred in vindicating its authority. The plaintiff could recover fees for costs before the district court but could not recover the additional attorney's fees she reasonably incurred when the defendant had convinced the district court of an erroneous proposition—that the attorney's conduct was not willful—and when the plaintiff was forced to go to an appellate court to correct that error. The district court's constricted view of its own authority, in effect, permitted the defendant to successfully urge a wrongful position with limited

consequences.  He might have to pay reasonable attorney's fees if he lost before the district

court.  But if the defendant wrongfully prevailed, the plaintiff would have to shoulder the entire

amount of attorney's fees necessary to obtain the relief that would vindicate the court's authority.

Here, by contrast, the issues on appeal did not relate to "prospective" compliance with the

Bankruptcy Court's order.  By the time of the appeal, the contempt had been purged, and Worms

raised colorable arguments about the Bankruptcy Court's jurisdiction to enter the sanctions

against him and the way in which those sanctions were calculated.  Nor was the appeal

frivolous—Worms was successful on several of his claims before the Court on his first appeal

(including with respect to the impermissibly criminal nature of a portion of the sanctions order

and the amount that was awarded on that portion that was not criminal) and as to other issues

was unsuccessful only in hindsight.  He prevailed, for example, on the argument that the

Bankruptcy Court did not clearly articulate a basis that would permit the award of attorney's

fees.  *See Goodyear Tire*, 137 S. Ct. at 1182 ("[S]anctions ordered pursuant to a court's inherent

power to sanction litigation misconduct must be limited to the amount of legal fees caused by

that misconduct.").  And even if his appeal had been frivolous, this Court would have been the

proper venue in which to request additional sanctions, pursuant to Rule 8020 of the Federal

Rules of Bankruptcy Procedure.  Fed. R. Bankr. P. 8020(a) ("If the district court or BAP

determines that an appeal is frivolous, it may, after a separately filed motion or notice from the

court and reasonable opportunity to respond, award just damages and single or double costs to

the appellee.").

Because the Bankruptcy Court's award of fees in connection with the first appeal went

beyond its need to manage the proceedings before it, the Bankruptcy Court was acting outside

the scope of its inherent authority.

In light of the Court's conclusion, the Court need not consider Worms' alternative argument that, even if the Bankruptcy Court had the authority to award fees for the appeal to this Court, its order fell outside this Court's mandate and thus violated the Mandate Rule.

## II.        The FR's Fees Request

In its brief in opposition to Worms' appeal, the FR argues that the Court should reinstate the original $60,000 fee award which the Bankruptcy Court reduced to $36,000 on remand.  That issue is not properly presented.  In order for the FR to challenge the Bankruptcy Court's judgment with respect to the original fee award for the costs incurred in the Bankruptcy Court, the FR was required to file a cross-appeal.  *See* 10 Collier on Bankruptcy ¶ 8016.02 (16th ed. 2021) ("A party against whom an appeal is taken— the appellee—must file a cross-appeal to challenge the bankruptcy court's judgment if the party was at least partially aggrieved by the judgment."); *see also Pac. Cap. Bank, N.A. v. Connecticut*, 542 F.3d 341, 349 (2d Cir. 2008) ("[W]ithout cross-appealing, [the appellee] may not advance a theory that challenges some aspect of the lower court's judgment.").  The Bankruptcy Court did not grant the FR the full relief the FR was seeking and the FR's current argument seeks relief more expansive than that it won in the Bankruptcy Court; the FR is not just making an alternative argument to affirm the Bankruptcy Court judgment.  Because the FR did not cross-appeal, the FR cannot challenge the Bankruptcy Court's adverse ruling on the amount of the fee award, and this Court need not consider the FR's arguments.  *See In re Agway Inc.*, 447 B.R. 91, 92 n.2 (N.D.N.Y. 2011) ("Because the IRS did not cross-appeal, its arguments regarding case or controversy, lack of controversy under 28 U.S.C. § 2201, and exceeding the government's waiver of sovereign immunity, which had previously been determined by the Bankruptcy Court, were not preserved for appeal and need not be addressed."); *see also* 21 Moore's Federal Practice – Civil § 328.1.03 (2021) ("In the absence of a cross-appeal, . . . the appellee generally may not attack the lower

court's judgment with a view to enlarging the appellee's rights or lessening the appellant's rights.").

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's order is VACATED to the extent it granted Rozhkov $63,500 in fees for Worms' prior appeal to this Court.  The remainder of the order will remain in place.

The Clerk of Court is respectfully directed to close the appeal.


SO ORDERED.

Dated: September 9, 2021
      New York, New York                                     LEWIS J. LIMAN
                                            United States District Judge